**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL LYNN BRADDEN,** | § | |
| **ID #1171646,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:06-CV-0925-L (BH)** |
| | § | **ECF** |
| **STATE OF TEXAS, Court Reporter,** | § | |
| | § | |
| **Respondent.** | § | |

## <u>ORDER</u>

Before the court is Petitioner Michael Lynn Bradden's ("Bradden" or "Petitioner")
Application for Post-Conviction Writ of Mandamus Motion for Transcripts and the Statement of
Facts, filed June 26, 2006.  Pursuant to 28 U.S.C. § 636(b), this matter was referred to the United
States Magistrate Judge for proposed findings and recommendation.

On June 27, 2006, the Findings, Conclusions, and Recommendation of the United States
Magistrate Judge ("Report") were filed.  The magistrate judge recommends that the petition for writ
of mandamus be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).[1]  Bradden

---

[1]This section provides:

> **(2)**Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court
> determines that--
>
> > **(B)**   the action or appeal--
> >
> > > **(i)** is frivolous or malicious;
> > >
> > > **(ii)** fails to state a claim on which relief may be granted; or
> > >
> > > **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e)(2)(B).

**Order – Page 1**

filed his Objection to the Court [sic] U. S. Magistrate Judge Findings, Conclusions, and Recommendation ("Objections") on July 7, 2006.

The magistrate judge found that, pursuant to 28 U.S.C. § 1361, this court may only compel *federal* actors or agencies to act, and lacks the authority to compel a state court reporter to provide a transcript.[2] The magistrate judge recommends that Bradden's petition be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), as it lacks an arguable basis in law.

In his Objections, Bradden reiterates his need for the transcript so that he may file a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He requests the court to order the State to provide him a free copy of the transcript, and issue a bench warrant to return him to Dallas County, so that he may review the transcript and prepare his habeas corpus petition.

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and the objections thereto, the court determines that the findings and conclusions of the magistrate judge are correct.  They are therefore accepted as those of the court. Accordingly, the court **overrules** Bradden's Objection to the Court [sic] U.S. Magistrate Judge Findings, Conclusions, and Recommendation; **denies** Bradden's Application for Post-Conviction Writ of Mandamus Motion for Transcripts and the Statement of Facts; and **dismisses the petition with prejudice**  as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2] This section provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the *United States or any agency thereof* to perform a duty owed to the plaintiff. 28 U.S.C. 1361 (emphasis added).   *See also Moye v. Clerk, Dekalb County Sup. Ct.,* 474 F.2d 1275, 1275-76 (5th Cir. 1973).

**Order – Page 2**

**It is so ordered** this 27th day of July, 2006.

Sam A. Lindsay
United States District Judge